J-S26007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CAREY BILLUPS, | |
| Appellee | No. 2524 EDA 2017 |

Appeal from the Order Entered July 31, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014851-2013

BEFORE:  BENDER, P.J.E., BOWES, J. and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 19, 2018**

The Commonwealth appeals from the trial court's order granting Appellee's, Carey Billups, motion to suppress out-of-court identification evidence.  The Commonwealth also contends that the trial court judge erred when he refused to recuse himself in light of his determination that the complaining witness did not testify credibly at the suppression hearing.  After careful review, we affirm.

This Court previously summarized the pertinent history of this case as follows:

> Yvette Briggs alleges that, on August 14, 2014, at approximately 10:00 p.m., she was stopped at a traffic light at 41st and Girard Street in Philadelphia when Appellee reached through the partially open passenger side window of her Chevrolet

---

[*] Former Justice specially assigned to the Superior Court.

Uplander and stole her pocketbook from the passenger seat. N.T. Motion, 3/13/15, at 6-8, 19. One of Mrs. Briggs' credit cards was later used at a gas station at 39th and Girard. *Id.* at 9. Mrs. Briggs stated the perpetrator looked directly into her face, and she had three or four seconds to look at him. *Id.* at 11, 19. Mrs. Briggs pursued Appellee but he escaped. *Id.* at 8, 11, 30. Mrs. Briggs then contacted police. *Id.* at 8.

At 3:45 a.m. on August 15, 2014, Lieutenant John Barker responded to a report of three armed men standing near a white Infinity in the vicinity of 39th and Girard. N.T. Motion, 12/31/15, at 5, 11. He observed three men meeting the description in the radio report and called for backup. *Id.* at 6-7. Police conducted pat down searches of all three men and recovered no weapons. *Id.* at 7. Lieutenant Barker observed a fourth man near the scene, and surmised correctly that he was the source of the radio report. *Id.* at 7-8. Lieutenant Barker spoke to the fourth man, who turned out to be Mrs. Briggs' husband. *Id.* Mr. Briggs told Lieutenant Barker about the robbery of Mrs. Briggs. *Id.* at 8. Lieutenant Barker told Mr. Briggs that Mrs. Briggs would be needed to make an identification. *Id.* Mr. Briggs called Mrs. Briggs, who arrived shortly thereafter. *Id.*

None of the three men were in handcuffs when Mrs. Briggs observed them. *Id.* at 9. Mrs. Briggs identified Appellee, claiming she was 100% sure he was the perpetrator. N.T. Motion, 3/31/15, at 14. Mrs. Briggs stated that Appellee had changed shirts, but was wearing the same sneakers and pants. *Id.* The record reveals, however, that Mrs. Briggs claimed the perpetrator was wearing cargo pants but Appellee was wearing sweatpants when Mrs. Briggs identified him. *Id.* at 37. Mrs. Briggs also recognized Appellee by his facial features and beard. *Id.* at 20. In her initial statement to the police, Mrs. Briggs did not mention a beard. *Id.* at 23.

Appellee appeared for trial in Philadelphia Municipal Court on December 2, 2013. He did not move to suppress any evidence prior to the Municipal Court trial. The judge found Appellee guilty of theft by unlawful taking.[2] Appellee appealed for a trial *de novo* before the Philadelphia Court of Common Pleas. After several defense continuances, the *de novo* trial was scheduled to take place on March 31, 2015. On that date, however, Appellee appeared and moved to suppress Mrs. Briggs' identification testimony. … After the March 31 and December 31, 2015 hearings, the trial court granted Appellee's motion. December 31,

2015, was the trial judge's last day on the bench. He therefore did not file an opinion explaining his rationale.

² 18 Pa.C.S.[] § 3921.

***Commonwealth v. Billups***, No. 242 EDA 2016, unpublished memorandum at 1-3 (Pa. Super. filed May 23, 2017).

The Commonwealth appealed from the trial court's suppression ruling. This Court reversed that decision, holding that the "trial court's rationale for granting Appellee's suppression motion … contain[ed] a critical finding that the record does not support." ***Id.*** at 8. Essentially, we reasoned that the trial court's ruling[1] had impermissibly relied on speculation that Yvette Briggs had been told by her husband that the perpetrator was present before she arrived to identify Appellee, an "unsupported finding [that] clearly played a significant role in the court's rejection of Mrs. Briggs' credibility and its decision to suppress her identification of Appellee." ***Id.*** at 8-9. We then remanded for further proceedings.

On remand, the trial court *sua sponte* reconsidered, and again granted, Appellee's suppression motion,[2] and the Commonwealth filed a timely

---

[1] Notably, the trial court did not file a Pa.R.A.P. 1925(a) opinion, as the trial judge's appointment had expired immediately after his suppression ruling. Thus, the prior panel's decision was based on statements made by the trial judge during the suppression hearing.

[2] The trial judge had been reappointed to his seat while the Commonwealth's appeal at No. 242 EDA 2016 was pending.

interlocutory appeal from that decision pursuant to Pa.R.A.P. 311(d).[3]  In its

Pa.R.A.P. 1925(a) opinion, the trial court explains that its rationale for

granting suppression in the first instance had been misunderstood by this

Court in our prior memorandum.  Specifically, the trial court states that it had

not relied solely or predominantly on speculation—regarding what Mr. Briggs

had told his wife over the phone just prior to her out-of-court identification of

Appellant—when it granted suppression, contrary to the assumption made by

this Court in our May 23, 2017 memorandum.  *See* Trial Court Opinion (TCO),

10/19/17, at 9 ("This court respectfully disagrees with the assumption that

my ruling was based upon evidence not in the record").  Instead, the trial

court indicates that it granted suppression "based on the [Mrs. Briggs'] lack

of credibility."  *Id.* at 9.  Specifically, the court based this credibility

determination on its findings that Mrs. Briggs' lied on four occasions about

whether police had called her to the scene of the investigation (whereas the

record unequivocally demonstrates that Mr. Briggs had called her), and

because of her expectation that she would find the thief when she arrived to

provide an identification.  *Id.* at 9-10.  The court also found that the

"circumstances surrounding Mrs. Briggs' identification of Appellee is highly

---

[3] Rule 311(d) provides that: "In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution."  In its notice of appeal, the Commonwealth certified that the prosecution of Appellee is substantially handicapped by the trial court's order granting suppression.

- 4 -

suggestive when reviewed in tandem." ***Id.*** at 11. On that basis, the trial court again granted Appellee's suppression motion. After filing its notice of appeal, the Commonwealth preemptively filed a timely Rule 1925(b) statement before being ordered by the trial court to do so. The court issued its Rule 1925(a) opinion on October 19, 2017. The Commonwealth now presents the following questions for our review:

> I. Did the lower court err - after this Court reversed its prior suppression order - by again suppressing an identification in the absence of suggestive police conduct?
>
> II. Did the lower court err by denying a request to recuse itself from presiding at defendant's upcoming trial after asserting that the complaining witness had told a blatant lie?

Commonwealth's Brief at 3.

Before we reach the merits of the Commonwealth's claims, we must address Appellee's assertion that the Commonwealth waived them. First, Appellee claims that the Commonwealth waived its suppression claim by failing to present it with adequate specificity in its Rule 1925(b) statement. We agree.

As is now axiomatic, any "issues not raised in a 1925(b) statement will be deemed waived." ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998). Additionally,

> [a]n appellant's concise statement must properly specify the error to be addressed on appeal. ***Commonwealth v. Dowling***, 778 A.2d 683 (Pa. Super. 2001). In other words, the Rule 1925(b) statement must be "specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal." ***Commonwealth v. Reeves***, 907 A.2d 1, 2 (Pa. Super. 2006), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007). "[A] [c]oncise

- 5 -

[s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." ***Id.*** The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. ***Id.*** Thus, if a concise statement is too vague, the court may find waiver. ***Id.***

***Commonwealth v. Hansley***, 24 A.3d 410, 415 (Pa. Super. 2011).

Here, the Commonwealth's Rule 1925(b) statement differs from the suppression issue presented in its brief. In its brief, the Commonwealth complains of the suppression of Mrs. Briggs' out-of-court identification "in the absence of suggestive police conduct[.]" Commonwealth's Brief at 3. In its Rule 1925(b) statement, the Commonwealth presented a far more generic claim, asking "[w]hether the lower court erred in re-imposing its order suppressing identification evidence that was reversed by the Superior Court in the previous appeal[?]" Commonwealth's Rule 1925(b) Statement, 8/8/17, at 1. On its face, it appears that the Commonwealth seeks to raise an issue regarding suggestive police conduct in its brief that it had omitted or abandoned in its Rule 1925(b) statement. Notably, the trial court's Rule 1925(a) opinion did not address suggestive police conduct. Instead, it only addressed why it had ruled to suppress again despite this Court's May 23, 2017 memorandum, and the trial court's analysis in that regard was directed toward its credibility findings regarding Mrs. Briggs' testimony, not toward the presence or absence of suggestive police conduct.

The Commonwealth argues that its Rule 1925(b) statement was adequate for purposes of review because the "basis for that previous appeal … was that 'the identification procedure involved no police misconduct and

was not suggestive.'" Commonwealth's Reply Brief at 2 (citing the Commonwealth's 1925(b) statement filed in its previous appeal at No. 242 EDA 2016). However, while that may have been the issue argued by the Commonwealth in its previous appeal, it was not the basis for this Court's prior decision. As noted above, we reversed the original suppression order based solely on the trial court's use of facts not contained in the record, which we determined had played a significant part in the trial court's credibility determination. **See Billups**, unpublished memorandum at 8-9. This Court never addressed whether there were sufficient facts to demonstrate that the police conducted an unduly suggestive identification procedure. Accordingly, the Commonwealth's reference to the prior decision of this Court did not adequately convey to the trial court that the issue it was ostensibly attempting to raise concerned police misconduct in the context of an unduly suggestive identification. Based on the content of our May 23, 2017 memorandum and the Commonwealth's August 8, 2017 Rule 1925(b) statement, it was reasonable for the trial court to assume that the Commonwealth sought to challenge its new suppression order based on the reasoning set forth in that memorandum. It was not at all obvious from the Commonwealth's Rule 1925(b) statement that it intended to raise a claim that this Court had not addressed in that memorandum.

The Commonwealth also argues that waiver is not appropriate based on **Commonwealth v. Holder**, 805 A.2d 499 (Pa. 2002), **Commonwealth v.**

*Goldman*, 70 A.3d 874 (Pa. Super. 2013), and *Commonwealth v. Smith*, 955 A.3d 391 (Pa. Super. 2008) (*en banc*). We disagree.

In *Holder*, our Supreme Court declined to find *Lord*-based waiver where the claim raised in the appellant's brief was a "logical extension" of the claim raised in the Rule 1925(b) statement. *Holder*, 805 A.2d at 505 n.11. *Holder* is simply not analogous to the instant matter. In that case, the Appellant had challenged the trial court's application of collateral estoppel based on an evidentiary ruling during a prior probation revocation hearing that had excluded a statement by the victim based on the "rape shield law and hearsay rules." *Id.* at 477. After the Superior Court determined that collateral estoppel applied, the appellant argued to the Supreme Court that the Superior Court had "erred in failing to review the evidentiary ruling on its merits." *Id.* at 505. The Commonwealth claimed that the appellant had waived that specific claim by failing to include it in his Rule 1925(b) statement, which had merely asserted that the "Trial Court erred when it denied the defendant's motion to present evidence of a similar prior rape allegation leveled by the alleged victim." *Id.* at 505 n.11. The Supreme Court rejected the Commonwealth's waiver argument, holding that

> As the Superior Court noted, the issue cited above stems from the trial court's decision that Judge Carpenter's ruling at [the a]ppellant's Gagnon hearing collaterally estopped the trial court from determining whether Wright's prior rape allegation was admissible at trial. A logical extension of whether collateral estoppel applied in this case is how that doctrine should have been applied. Thus, the issue of whether the Superior Court erred in failing to review the evidentiary ruling on its merits is properly before this Court.

- 8 -

*Id.*

Instantly, the Commonwealth fails to explain the relevance of the *Holder* decision, other than to latch on to the "logical extension" language applied by the High Court. We find the *Holder* decision to be neither controlling nor suggestive regarding waiver in this matter. In *Holder*, the specific issue under consideration—involving an allegation *that the Superior Court erred*—could not have been raised within a 1925(b) statement that predated the Superior Court's alleged error. Moreover, the waiver dispute at issue here does not involve a minor distinction between whether collateral estoppel applied and how it should have applied. Here, the distinction is between whether the trial court's second suppression order defied this Court's prior holding regarding a credibility determination concerning the victim's testimony, as suggested by the Commonwealth's Rule 1925(b) statement, or whether the trial court had erred by failing to address whether the absence of police misconduct precluded suppression, as argued in the Commonwealth's Brief. These claims are only tenuously related. Accordingly, we conclude that *Holder* does not support the Commonwealth's assertion that it adequately preserved the absence-of-police-misconduct claim in its Rule 1925(b) statement.

In *Goldman*, we held that "[a]lthough the Commonwealth's choice of the word 'unavailable' is arguably misleading, the Rule 1925(b) statements provided sufficient detail to identify all pertinent issues for the trial court, including all subsidiary issues." *Goldman*, 70 A.3d at 878 n.2. Notably, the

*Goldman* Court did not elaborate on the waiver matter with any detail, quote the language at issue from the Rule 1925(b) statement, or explicitly identify whether the claim at issue had been addressed by the trial court. Nevertheless, the Court did state the trial court had been provided with "sufficient detail to identify all pertinent issues[,]" which implies that those issues were actually addressed by the trial court in its opinion. In the instant matter, the issue of suggestive police conduct was not addressed in the trial court's opinion, nor was it remotely obvious from the Commonwealth's Rule 1925(b) statement that it should have been.

Finally, in *Smith*, this Court held that, despite the Commonwealth's vague statement of the relevant issue in its 1925(b) statement, we declined to deem that claim waived in the circumstances of that case because "our review ha[d] not been hindered," as "the trial court filed an opinion which meaningfully addressed the Commonwealth's arguments." *Smith*, 955 A.2d at 393. Instantly, meaningful review is hindered, as the trial court's sole opinion in this case does not address the first claim presented in the Commonwealth's brief, which is a direct consequence of the lack of specificity in the Commonwealth's Rule 1925(b) statement. Moreover, the Commonwealth has made no attempt in its brief to direct this Court's attention to where in the certified record the trial court meaningfully addressed its claim. Consequently, we conclude that the Commonwealth has waived its first claim.

Appellee also asserts that the Commonwealth waived its recusal claim, arguing that "the Commonwealth never stated its grounds for recusal at the

time it made the request for recusal." Appellee's Brief at 17. Generally, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). While we agree with Appellee that the Commonwealth did not state specific reasons for its motion for recusal at the time it made that motion, *see* N.T., 7/31/17, at 5-6, we also agree with the Commonwealth that the nature of the recusal request was apparent on the face of the record. *See* Commonwealth's Reply Brief at 6 (arguing that the trial prosecutor "was not obliged to append to his timely recusal request the words *because of what you said a second ago*") (emphasis in original). The Commonwealth's recusal request was a direct reaction to the trial court's preceding statement regarding the complaining witness's, Mrs. Briggs, credibility. *See* N.T., 7/31/17, at 5-6. Moreover, in its Rule 1925(a) opinion, the trial court addressed the issue as stated with specificity in the Commonwealth's Rule 1925(b) statement, and without mentioning any explicit concerns about the basis for the recusal motion. TCO at 11-13. Accordingly, we will address the merit of that claim.

> Our standard of review of a trial court's determination not to recuse from hearing a case is exceptionally deferential. We recognize that our trial judges are "honorable, fair and competent," and although we employ an abuse of discretion standard, we do so recognizing that the judge himself is best qualified to gauge his ability to preside impartially.

> [**Commonwealth v.**] **Bonds**, 890 A.2d [414,] 418 [(Pa. Super. 2005)] (citing **Commonwealth v. Abu–Jamal**, 553 Pa. 485, 720 A.2d 79, 89 (1998)).

> The party who asserts that a trial judge should recuse bears the burden of setting forth specific evidence of bias,

- 11 -

prejudice, or unfairness. *See Commonwealth v. Perry*, 468 Pa. 515, 364 A.2d 312, 318 (1976). "Furthermore, a decision by the trial court against whom the plea of prejudice is made will not be disturbed absent an abuse of discretion." *Commonwealth v. Buehl*, 540 Pa. 493, 658 A.2d 771, 782 (1995).

*Commonwealth v. Stafford*, 749 A.2d 489, 501 (Pa. Super. 2000). *See also Commonwealth v. Tedford*, 598 Pa. 639, 731, 960 A.2d 1, 55–56 (2008) ("[I]t is the burden of the party requesting recusal 'to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially.'").

Once a decision to deny a recusal request has been made, that decision is final and the cause must proceed. *Commonwealth v. Urrutia*, 439 Pa. Super. 227, 653 A.2d 706, 711 (1995).

The propriety of this decision is grounded in abuse of discretion and is preserved as any other assignment of error, should the objecting party find it necessary to appeal following the conclusion of the cause. If the cause is appealed, the record is before the appellate court which can determine whether a fair and impartial trial were had. *If so the alleged disqualifying factors of the trial judge become moot*.

*Id.* (italics in original) (citation omitted). *See also Commonwealth v. Simmons*, 388 Pa. Super. 271, 565 A.2d 481, 482 (1989).

*Commonwealth v. Harris*, 979 A.2d 387, 391–92 (Pa. Super. 2009).

The Commonwealth argues as follows:

Here, the Commonwealth does not dispute that it was entirely appropriate for the lower court to preside at the suppression hearing. But the situation changed dramatically when the court openly declared that M[r]s. Briggs, the complaining witness, lacked credibility because she had repeatedly told "a blatant lie[."] Having made that pronouncement - both from the bench and in print … - it is no longer appropriate for the judge to preside at a trial where M[r]s. Briggs will be testifying as the Commonwealth's chief witness. Neither the parties nor the general public - nor least of all M[r]s. Briggs - can be confident that the lower court, no

matter how well intentioned, could hear her testimony without prejudgment.

Commonwealth's Brief at 14 (internal citations omitted). The trial court rejected this claim, stating that it "assessed this case in an impartial manner, free of personal bias or interest in the outcome and[, therefore,] the Commonwealth's argument should fail." TCO at 13.

We conclude that the Commonwealth's argument fails to overcome the presumption of the trial court's impartiality. The Commonwealth provides virtually no case law to support its claim that a party is entitled to recusal of a trial judge who makes a credibility determination adverse to their interests during suppression proceedings. We find any such claim to be facially untenable to the administration of justice.[4] It is common for trial judges to have presided over pre-trial hearings that require credibility determinations. Thus, is it also common for trial court judges to have before them witnesses during trial, whose credibility had been assessed, positively or negatively, by the same judge at a prior proceeding. The rule suggested by the Commonwealth—as no such rule, to our knowledge, currently exists under Pennsylvania law—would invite judge-shopping by litigants faced with adverse, pre-trial credibility assessments.

Nevertheless, we recognize there may be exceptional circumstances where a judge's conduct during pre-trial hearings is so extreme that it

_____

[4] Reversing the circumstances, such a rule would also require a judge to recuse himself or herself after determining that a defendant lied during suppression proceedings.

demonstrates bias or impartiality worthy of recusal. We see no evidence of such conduct here. It is undisputed that the trial court construed part of Mrs. Briggs' testimony as a "blatant lie." N.T., 7/31/17, at 4 ("The complaining witness, at least four times, testified that she was called to the scene by the police when, in fact, that was a blatant lie."). The Commonwealth fails to describe how such a conclusion was evidence of the trial court's bias or impartiality. There is no function more basic for a fact-finder than determining the truthfulness of the testimony presented to it.

The Commonwealth argues—in a completely different section of its brief—that the trial court's credibility determination was not supported by the record. **See** Commonwealth's Brief at 12. However, the Commonwealth merely offers a theory why Mrs. Briggs' statement, that she we "contacted by police," was not *necessarily* untruthful. **Id.** (arguing that her statement could have encompassed the possibility that she had been contacted by police *through her husband*). Of course, it is also possible that Mrs. Briggs intentionally deceived the court so as to minimize the involvement of her husband, whose false report of a gun precipitated her identification of Appellee. **See** TCO at 6. The trial court, sitting as factfinder, was thoroughly empowered to choose between those two competing theories regarding the credibility of Mrs. Briggs' testimony. "As this Court has often reiterated: 'It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony.'" **Commonwealth v. Gallagher**, 896 A.2d 583, 585 (Pa. Super. 2006)

- 14 -

(quoting **Commonwealth v. Elmobdy**, 823 A.2d 180, 183 (Pa. Super. 2003)).

In any event, the trial court did not ground the credibility determination in question solely on the basis of that individual statement by Mrs. Briggs. The court also determined that her testimony was not credible due to the vagueness of her initial description of the perpetrator, in conjunction with inconsistencies with that description and the appearance of Appellee at the time she identified him. **See** TCO at 4-7. Accordingly, we conclude that the trial court did not abuse its discretion when it denied the Commonwealth's motion for recusal.

Order **affirmed**.

President Judge Emeritus Stevens joins this memorandum.

Judge Bowes files a concurring and dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/18